IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taloren Govan, an unmarried man,<br><br>        Plaintiff,<br><br>vs.<br><br>Security National Financial Corporation, a Utah corporation; Crystal Rose Funeral Home, Inc., an Arizona corporation; and Greer-Wilson Funeral Home, Inc., an Arizona corporation,<br><br>        Defendants.<br><br>SCI Arizona Funeral Services, Inc., a corporation,<br><br>        Garnishee. | No. CV-10-0057-PHX-DGC<br><br>**REPORT AND RECOMMENDATION** |

      This matter arises on Judgment-Creditor Security National Financial Corporation's ("Security National" or "Judgment-Creditor ") Application by Judgment Creditor for Order Continuing Lien against Garnishee, filed on April 5, 2013. (Doc. 114) The Application was referred to the undersigned Magistrate Judge on April 25, 2013, by the Honorable David G. Campbell, the assigned United States District Judge. (Doc. 116)

      Security National requests an order directing SCI Arizona Funeral Services, Inc. ("Garnishee"), a corporation doing business in Arizona, "to pay over to Security National

Financial Corporation all nonexempt earnings withheld from the wages of Taloren Govan under the Writ of Garnishment herein (except for Garnishee's Answer fee) beginning with the pay period which (sic) the Writ was served and continuing as a lien on the non-exempt earnings of Judgment Debtor until further order of the court." (*Id*. at 2)

## I. Background

On January 8, 2010, Plaintiff Taloren Govan ("Plaintiff" or "Judgment-Debtor"), through counsel, filed this discrimination action, alleging he lost his manager's position at his employment and incurred a larger-than-typical pay reduction because of his race, religion, and/or in retaliation for engaging in protected activity. He also alleged he was subjected to racial harassment that created a hostile work environment. (Docs. 1; 22 at 2) Security National and the other defendants (collectively "Security National") denied the allegations, asserting they had legitimate, non-discriminatory reasons for their employment decisions. (Docs. 13; 22 at 2) On May 16, 2011, summary judgment was granted in favor of Security National on all Plaintiff's claims. (Doc. 92) On the same date, Judgment was entered against Plaintiff. Security National filed a Bill of Costs on May 20, 2011, itemizing costs incurred in the amount of $4,787.82. (Doc. 94) No objection was filed to the Bill of Costs or any item or amount claimed therein.[1] Plaintiff appealed. The Ninth Court of Appeals affirmed the summary judgment in a December 19, 2012 Memorandum Decision and issued a Mandate on January 11, 2013. (Doc. 107)

---

[1] Local Rule 54.1 of the District Court's Rules of Practice provides that a bill of costs must be filed within fourteen days after the entry of final judgment unless the time is extended under Rule 6(b) of the Federal Rules of Civil Procedure. *See* LRCiv 54.1(a); *Snyder v. HSBC Bank, USA, N.A.*, 2012 WL 3762420, at *3 (D. Ariz. Aug. 29, 2012). Objections to a bill of costs must be filed "[w]ithin fourteen days after service of the bill of costs[.]" *See* LRCiv 54.1(b); *Clark v. Country Cas. Ins. Co.*, 2010 WL 4269501, at *4 (D. Ariz. Oct. 22, 2010). A failure to object in a timely fashion to a bill of costs pursuant to Rule 54(d)(1) constitutes a waiver of any objections. *Walker v. California*, 200 F.3d 624, 626 (9th Cir. 1999). Plaintiff has waived any objections to Security National's Bill of Costs submitted nearly two years ago.

Security National filed an Application for Writ of Garnishment on February 12, 2012, indicating it was awarded a "money judgment" against Plaintiff in the following amounts: a principal balance of $4,787.82, interest on the principal of $1,393.19 ($2.49 per day for 559 days), and post-judgment costs of $114.00.[2] (Doc. 108) According to Security National, Plaintiff's total indebtedness as of January 14, 2013 was $6,295.01. (*Id*.) Copies of Security National's Application were electronically mailed to all counsel of record, including Plaintiff's counsel, Melissa Iyer and John Curtis, II.  Plaintiff did object to the writ request and the Clerk of Court issued the Writ of Garnishment on February 13, 2013. (Doc. 110)

The Garnishee's March 14, 2013 Answer confirmed Plaintiff was employed by Garnishee on the date the Writ was served, *i.e.*, February 19, 2013, and Garnishee anticipated owing earnings to Plaintiff, the Judgment-Debtor, within the 60 days after service of the Writ. (Doc. 113, ¶¶ 2-3) The Garnishee's Answer indicates copies of its Answer, the Notice to Judgment Debtor, Request for Hearing, and Non-Exempt Earnings Statement were delivered to Plaintiff on March 5, 2013 by regular first class mail to Plaintiff's address in Phoenix, Arizona. (*Id*., ¶ 9 at 1) Copies of Garnishee's Answer were electronically mailed to all counsel-of-record, including Plaintiff's counsel, Melissa Iyer and John Curtis, II. No objection to the Garnishee's Answer has been filed by or on behalf of Plaintiff.

**II. Magistrate Judge Authority on Post-Judgment Proceedings**

Although 28 U.S.C. § 636(b) does not expressly authorize a magistrate judge to consider post-judgment motions, a district judge may assign additional duties to a magistrate judge that "are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3); *see also* LRCiv 72.1(b), and LRCiv 72.2(a)(8). "However, a magistrate judge exercising 'additional duties' jurisdiction, absent the parties' consent, lacks 'authority

---

[2] Security National's filings in the District Court of Arizona since the mandate issued have violated the District Court's civil Local Rules ("LRCiv") because (1) they were not properly filed in text-searchable format per LRCiv 7.1(c), 5.5(b), and definition of ".pdf," in the District Court's ECF Manual, at I(A), p. 4; and (2) the captions do not use proper upper and lower case type per LRCiv 7.1(a)(1)(3). Future filings by Security National that do not comply with the Local Rules will be stricken.

- 3 -

to enter a final, appealable order' in a post-judgment proceeding." *Merchant Transaction Systems, Inc. v. Nelcela, Inc.*, 2011 WL 1261173, at *1 n. 1 (D. Ariz. April 5, 2011) (citing, *inter alia*, *Bank Tejarat v. Varsho-Saz*, 981 F.2d 1257 (9th Cir. 1992) (absent consent of all parties pursuant to 28 U.S.C. § 636(c), a magistrate judge is without authority to deny a judgment-debtor's claim of property exemption to writ of execution)); *United States v. Thompson*, 285 Fed.Appx. 522, 524 (10th Cir. 2008)). Because Arizona law mandates a court "[s]hall enter judgment on the writ against the garnishee for that amount" the garnishee was indebted to the judgment debtor at the time of service of the writ, the undersigned will proceed by Report and Recommendation. *See Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001) (magistrate judge may order the entry of judgment only if the magistrate judge has been specially designated to exercise such jurisdiction by the district court and all parties clearly and unambiguously consented).

### III. Garnishment

Generally, a federal writ of garnishment is governed by the law of the state in which the district court sits. Fed.R. Civ. P. 69(a)[3]; *Hilao v. Estate of Marcos*, 95 F.3d 848 (9th Cir. 1996). Thus, Arizona law controls garnishment of money, earnings, or other property as a result of a judgment obtained in the District Court of Arizona.

"Garnishment is a creature of statute and is strictly governed by the terms of the statute creating the remedy." *Jackson v. Phoenixflight Productions, Inc.*, 145 Ariz. 242, 244, 700 P.2d 1342, 1344 (Ariz. 1985) (citations omitted). Arizona's garnishment statutes distinguish "earnings" from "monies which are not earnings." *Frazer, Ryan, Goldberg, Keyt*

---

[3] Federal Rule of Civil Procedure 69(a)(1) provides as follows:

**Money Judgment; Applicable Procedure**. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--*must accord with the procedure of the state where the court is located*, but a federal statute governs to the extent it applies.

Rule 69(a)(1) (2007) (emphasis added).

- 4 -

& *Lawless v. Smith*, 184 Ariz. 181, 183, 907 P.2d 1384, 1386 (Az. Ct. App. 1995); *see also* Arizona Revised Statutes ("A.R.S.") §§ 12-1571-1597 (non-earnings) and §§ 1598-1598.17 (earnings). Under Arizona law, "garnishment reaches only debts existing at the time of the service of the writ." *Reeb v. Interchange Resources, Inc. of Phoenix*, 106 Ariz. 458, 478 P.2d 82, 83 (Ariz. 1970). "[I]t is well settled in Arizona that the rights of a garnishor-creditor to assets in the hands of a garnishee are no greater than rights of the defendant-debtor to those assets." *Mid-State Electric Supply Co. v. Arizona Title Insurance & Trust Co.*, 123 Ariz. 130, 598 P.2d 108, 110 (Az. App. Ct. 1979) (citation omitted). When the garnishee answers and no timely objection to that answer is filed and sustained, "the garnishee is liable only to the extent 'the answer shows the amount of the nonexempt monies of the judgment debtor owed or held by the garnishee.'" *JPMorgan Chase Bank, N.A. v. Cutter*, 2012 WL 5398916, at *6 (Az. Ct. App. Nov. 6, 2012) (quoting A.R.S. § 12–1584(A)) (also discussing Arizona law which allows a judgment against a defaulting garnishee per A.R.S. § 12-1583).

Under Arizona law, "a party who has an objection to the writ of garnishment, the answer of garnishee or the amount held by the garnishee or a party claiming an exemption from garnishment may, not later than *ten days* after the receipt of the answer, file a written objection and request for hearing[.]" A.R.S. §§ 12-1580(A) (emphasis added), -1598.07(A) (nearly the same for garnishment of earnings). "One purpose of [such a] hearing is to determine whether the garnishee was indebted to the judgment debtor when the writ was served." *Able Distrib. Co., Inc. v. James Lampe, Gen. Contr.*, 160 Ariz. 399, 403, 773 P.2d 504, 508 (Az. App. Ct. 1989). The procedure upon a timely objection to a writ of garnishment is addressed in A.R.S. § 12-1584(B). If the garnishee's answer shows that

> the judgment debtor was an employee of the garnishee, or that the garnishee otherwise owed earnings to the judgment debtor when the writ was served, or earnings would be owed within sixty days thereafter . . . on application by the judgment creditor the court **shall** order that the nonexempt earnings, if any, withheld by the garnishee after service of the writ be transferred to the judgment creditor who is entitled to such monies . . . The court **shall** further order that the garnishment is a **continuing lien** against the nonexempt earnings of the judgment debtor.

A.R.S. § 12- 1598.10 (emphasis added). "An order of continuing lien on nonexempt earnings

1 . . . requires the garnishee to continue to withhold the nonexempt earnings of the judgment debtor for as long as the continuing lien remains in effect." A.R.S. § 12- 1598.11(A). Under Arizona's garnishment statute, a presumption exists "that a document has been received five days after it is mailed." A.R.S. § 12- 1598.17(A).

Arizona's garnishment statutes provide that certain monies are exempt from garnishment, and define "[e]xempt monies or property" as "monies or property that, pursuant to a state or federal law, is not subject to judicial process, including . . . garnishment[.]" A.R.S. § 12-1570(2); *see also Sports Imaging of Arizona, L.L.C. v. Meyer Hendricks & Bivens, P.A.*, 2008 WL 4516397, at *1 n. 6 (Az. Ct. App. Oct. 2, 2008) (citing exemption examples, including social security and medicare payments in son's bank account held on behalf of mother). Exempt monies include child support, spousal maintenance, earnings of a minor child, workers' compensation benefits, and a variety of insurance payments. *See* A.R.S. §§ 33–1126(A), 23-1068(B). Importantly, 75% of disposable earnings are also exempt from garnishment. A.R.S. § 12-1598(5).  The numerous statutorily-created exemptions ensure that no debtor is left without the ability to provide for the basic necessities of life. *DIRECTV, Inc. v. Eagle West Communications, Inc*., 2012 WL 6571082, at  *5 (D. Ariz. Dec. 17, 2012). Plaintiff has not claimed any exemption here.

**IV. Discussion**

The Court finds that Judgment-Creditor Security National has properly complied with Arizona's garnishment statutes regarding its request for a writ of garnishment of Plaintiff's earnings with Garnishee and a continuing lien for Plaintiff's nonexempt earnings. Plaintiff and his counsel-of-record received notice of the garnishment writ served on Plaintiff's employer and the Application by Judgment Creditor for Order Continuing Lien against Garnishee. The Garnishee mailed its Answer and related documents to its employee's address and the Application was electronically mailed to, and served upon, Plaintiff's counsel, pursuant to Rule 5(b)(2)(E), Fed.R.Civ.P., who have consented to such service in this action. The Court further finds that notice "reasonably calculated under all the circumstances to apprise [Judgment-Debtor] of the pendency of the [garnishment] action and afford [him] an

- 6 -

opportunity to present [his] objections." *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1 (1978); *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950). Plaintiff has not filed an objection to the Writ of Garnishment, the Answer of Garnishee, the amount of money held by the Garnishee, or the Application by Judgment Creditor for Order Continuing Lien against Garnishee, and the time to do so has expired. *See* A.R.S. § 12-1598.07(A). Additionally, good cause has not been demonstrated for Plaintiff to file an untimely objection. *Id.* The undersigned will recommend the Application by Judgment Creditor for Order Continuing Lien against Garnishee be granted and an order imposing a continuing lien on Garnishee be entered.

**V. Conclusion**

For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Judgment-Creditor Security National Financial Corporation's Application by Judgment Creditor for Order Continuing Lien against Garnishee, doc. 114, be **GRANTED**, and a Garnishment Judgment be entered against Garnishee SCI Arizona Funeral Services, Inc., garnishing 25 percent of Plaintiff's bi-weekly "disposable earnings," which include a continuing lien against Garnishee of Plaintiff's non-exempt earnings.

**IT IS ORDERED** that Judgment-Creditor Security National Financial Corporation must lodge a proposed Garnishment Judgment that complies with all aspects of this Report and Recommendation and the District of Arizona's Local Rules within **seven (7) days** from the entry of this Report and Recommendation.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have **fourteen (14) days** from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72(b)(2), 6(a), and (e), Federal Rules of Civil Procedure. Thereafter, the parties have **fourteen (14) days** within which to file a response to the

objections. Rule 72(b)(2), Federal Rules of Civil Procedure. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed.R.Civ.P. 72.

Dated this 1st day of May, 2013.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge